UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VASHUN WALKER<br>    Debtor | ) | No. 11-27738 |
| | ) | |
| THE PAYDAY LOAN STORE<br>OF ILLINOIS, INC.<br>    Plaintiff | )<br>)<br>) | Judge Schmetterer<br><br>Chapter 7 |
| | ) | |
| v.<br>VASHUN WALKER<br>    Defendant | )<br>)<br>) | Adv No. 11-02007 |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Now Comes Plaintiff, The Payday Loan Store of Illinois, Inc., by its attorney, Michael Dimand, and request that the Court adopt the following Findings of Fact and Conclusions of Law based on the Requests for Admission served upon Vashun Walker on January 3, 2012 pursuant to Rule 36 of the Federal Rules of Civil Procedure, and not answered within 21 days of the date of service, and thereby deemed admitted.

FINDINGS OF FACT

1. Defendant Vashun Walker is the debtor in case number 11-27738, filed July 2, 2011.

2. Defendant Vashun Walker requested and received from Plaintiff an Installment Loan on June 16, 2011, in the amount of $770.65.

3. Defendant Vashun Walker made the above charges at a time when he knew that he was falsely representing his intent and ability to repay the debt incurred.

4. Defendant Vashun Walker made the above charges at a time when he knew he was insolvent and would be unable to repay the debt.

5. Defendant Vashun Walker falsely represented his intent to repay the debt owed to plaintiff.

6. Defendant Vashun Walker fraudulently obtained property, goods, services or money through the use of the credit provided to him by plaintiff.

7. The defendant intended at the time of the solicitation of the loan that the debt owed to plaintiff be discharged through his Chapter 7 case.

8. Plaintiff has been damaged in the amount of the loan proceeds given to defendant in the amount of $770.65, plus the Adversary filing fee of $250.00, and attorney's fees.

CONCLUSIONS OF LAW

1. This court has jurisdiction over the parties and the subject matter.

2. The actions of defendant Vashun Walker have met the burden of Section 523(a)(2) to establish non-dischargeability of the debt owed to The Payday Loan Store of Illinois, Inc.

3. A Judgment of Non-dischargeability shall be entered in favor of The Payday Loan Store of Illinois, Inc. and against Vashun Walker.

Entered _____     Date  2/7/12

Michael Dimand
5 E. Wilson St.
Batavia, IL 60510
(630) 406-8099